19228

Vance J. Calloway, Johnny L. Epps, and David F. Potter, Appellants,
v. William D. LEEKE, Director of Department of Corrections,
State of South Carolina, *et al.,* Respondents.

(181 S. E. (2d) 481)

*Peden B. McLeod, Esq.,* of Walterboro, *for Appellants,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Timothy G. Quinn, Asst. Atty. Gen.,* of Columbia, *for Respondents,*

May 27, 1971.

BRAILSFORD, Justice.

The petitioners, Calloway, Epps and Potter, were convicted of armed robbery and petty larceny at the April, 1969, term of the Court of General Sessions for Colleton County. They were represented at their trial by appointed counsel. No appeal was taken. Instead, petitioners, *pro se,* promptly sought *habeas corpus* relief, alleging that their conviction was in violation of their rights under the Constitution of the United States, in that, (1) they were denied the effective assistance of counsel; (2) they were denied a preliminary hearing; (3) evidence was obtained against them by means of an illegal search of their vehicle; (4) they were subjected to an unfair lineup procedure at which they were not represented by counsel; and (5) they were illegally tried on two charges under one indictment.

The writ as prayed for was duly issued, and, after appointment of counsel, a full hearing was had before the court. Petitioners expressly abandoned the claim that they had been denied the effective assistance of counsel, and the court found no merit in the remaining grounds of attack upon the legality of their convictions. On this appeal from the discharge of the writ and dismissal of their petition, the petitioners argue four questions, of which the first three conform to the grounds for relief set forth in the petition. We dispose of these in the order stated above, omitting the abandoned first ground.

(2) The record fully supports the conclusion of the court that the petitioners were in no way prejudiced by the State's failure to conduct a preliminary hearing. Trial counsel, who were appointed approximately one week before the trial, saw no advantage to be gained by seeking such a hearing, and none was suggested by petitioners or their counsel in this proceeding. Petitioners were not taken by surprise by the evidence against them, and we are satisfied that their right to a fair trial was not impaired.

(3) At most, the evidence raised an issue of fact as to whether the officers conducted a search of petitioners' vehicle, which resulted in discovery of the weapon later introduced into evidence, or whether the weapon was in plain view when an officer looked in the automobile. The circuit judge's resolution of this issue against petitioners' claim is not reviewable here. Furthermore, no objection to the admission of the weapon into evidence was made at the trial, which amounted to a waiver of the point.

(4) Petitioners' claim that they were identified by the victim, while being held at the Dorchester County Courthouse on the afternoon of the robbery, without the benefit of counsel or the employment of fair line-up procedures, was supported only by their own statements, which were flatly contradicted by other testimony. The circuit judge found that the alleged incident did not occur. This finding, being fully supported by evidence, is binding on us.

Upon their conviction of robbery and petty larceny, each of the defendants was sentenced to serve a term of imprisonment and to pay a fine of $100.00. Since only one transaction—the armed robbery of a storekeeper—was involved, petitioners contend that the lesser offense merged into the greater, and that they could not lawfully be convicted and sentenced for both. While this is a decided departure from the petitioners' complaint against their conviction on two charges in one indictment, the State concedes the point and the illegality of the $100.00 fines imposed as punishment for petty larceny, and requests that such fines be set aside. Accordingly, the sentences heretofore imposed upon petitioners are modified by striking therefrom the imposition of fines of $100.00; otherwise, the sentences under which the petitioners are lawfully imprisoned, remain in full force and virtue. There was no error in discharging the writ.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.